775 So.2d 1127 (2000)
Elie TABCHOURI
v.
PROGRESSIVE INSURANCE COMPANY, et al.
No. 00-00134.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
Rehearing Denied January 24, 2001.
*1128 Jean Ouellet, Scott A. Dartez and Warren A. Perrin, Lafayette, LA, Counsel for Plaintiff/Appellee.
Ian MacDonald c/o Perret & Doise, Lafayette, LA, Counsel for Defendant/Appellant Progressive Insurance Company.
Brian L. Coody c/o Stockwell Sievert Viccellio Clements & Shaddock L L P, Lake Charles, LA, Counsel for Defendant/Appellant State Farm Mutual Automobile Insurance Company.
(Court composed of Chief Judge NED E. DOUCET, Jr., Judge GLENN B. GREMILLION, and Judge ELIZABETH A. PICKETT).
PICKETT, Judge.

FACTS
In the late hours of April 4 or early morning hours of April 5, 1997, the plaintiff's 1989 Maserati 430 was removed from his home and driven into the Vermilion River. The vehicle was taken with the use of a key, there being no evidence that either the steering column had been broken or the car had been "hot wired". The ignition was in the "on" position.
The plaintiff sought to recover from the defendants pursuant to two policies he had on the vehicle, alleging that the vehicle had been stolen. Both Progressive and State Farm denied coverage on the basis that the loss was intentional. State Farm also denied coverage on the basis that the plaintiff made material misrepresentations in the application for insurance. The application was made to State Farm the day before the loss, at which time they issued a binder on the vehicle.
Following a bench trial, both defendants were found liable and the plaintiff was awarded a judgment in the amount of $16,000. From that judgment, the defendants appeal.
Because the findings of this court impact the appellants differently, the court, by *1129 necessity, will address their assignment of errors separately.

APPELLANT STATE FARM
Because we find merit in State Farm's third assignment of error, it is not necessary for us to discuss the remaining assignments of error filed by State Farm.
The unrebbuted evidence establishes that Mr. Tabchouri made a material misrepresentation on his application for insurance with appellant State Farm Insurance. In that application, which was completed only hours before the loss, Mr. Tabchouri was specifically requested to provide information about any losses sustained by him in the previous five years. Mr. Tabchouri listed a prior accident in 1997, but failed to provide information regarding two prior Maserati losses, one involving a flooded Maserati and the other involving a Maserati which sustained fire damage. Both these claims were in 1993.
Prior to applying for insurance with State Farm, Mr. Tabchouri contacted Allstate Insurance and inquired about obtaining coverage with that company. The Allstate agent explained to him that he would have to wait until the prior losses were off his driving record before they would issue him a policy.
Knowing that Allstate would not issue him a policy because of his prior losses, he withheld the information from State Farm. This was without question a misrepresentation. La.R.S. 22:619 provides as follows:
A. Except as provided in Subsection B of this Section and R.S. 22:692 and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
The false statement contained in the application did materially affect "the acceptance of the risk or the hazard assumed by the insurer." The uncontroverted testimony of Wally Romero, Diane Vallot, and Mary Moore established that Mr. Tabchouri would not have gotten his insurance binder on that Friday afternoon if he had advised them of the previous losses.
Intent to deceive must be determined from surrounding circumstances indicating the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Cousin v. Page, 372 So.2d 1231 (La.1979). The plaintiff certainly knew that the information provided to State Farm was false. Since Allstate refused to provide coverage based on the information he failed to provide to State Farm, it is clear that he recognized the materiality of the misrepresentation.
The insurer who issued the liability policy and who now asserts this special defense to avoid coverage has the burden of proving that there was a misrepresentation, and that it was made with the intent to deceive. Id. at 1233. State Farm has clearly carried this burden.
Because we find the plaintiff did in fact make a material misrepresentation with the intent to deceive, the plaintiff is barred from recovering from State Farm.

*1130 APPELLANT PROGRESSIVE SECURITY INSURANCE CO.

Progressive Insurance denied coverage under the policy issued to the plaintiff on the grounds that the claim was not a "covered loss" after investigating the loss and determining that, in their opinion, Tabchouri was involved in the intentional loss of the car. In Progressive's first assignment of error they argue the trial court committed manifest error by concluding Tabchouri was not involved in the intentional loss of the car and that a theft had occurred.
The trial court's determination that a theft occurred is a finding of fact that is subject to the manifest error standard of review.
A reviewing court should not disturb the findings of fact by a trial court unless those findings are "clearly wrong" or "manifestly erroneous." Rosell v. ESCO, 549 So.2d 840 (La.1989). The test is not whether we would have reached the same conclusion but whether the trial court's conclusion is reasonable in light of the evidence. Stobart v. State, Through DOTD, 617 So.2d 880, at 882 (La.1993).
After carefully reviewing the record as a whole we have determined that the trial judge did in fact commit manifest error.
The court specifically found that the plaintiff proved that his claim was covered by the policies of insurance provided by the defendants. In other words, that a theft occurred and he was not involved. To validly reach this conclusion, the court had to consider all the evidence presented by both parties.
The trial court erred in its analysis of the defendant's expert witness testimony regarding the condition of the key found in Tabchouri's house. The court determined the North Eastern Technical Services, Inc., ("NETS") report was inconclusive as to which key was used to last operate the vehicle. In fact, the defendant's expert witness clearly established the key in Mr. Tabchouri's possession was the last key to operate the ignition lock assembly. This testimony is unequivocal and uncontroverted.
The trial court reached its erroneous conclusion by erring in its review of the testimony of plaintiff's witnesses. The court specifically found that the marks left on the key, which the uncontroverted evidence showed were made by the key being forcibly removed from the ignition, were explained by the plaintiff and his wife.
The court specifically stated as follows in her Reasons For Judgment:
"Although the Court has no reason to question the reliability of this report, the Court accepts Mr. Tabchouri's testimony, which was supported by his wife, that they went to the salvage yard when Mr. Tabchouri attempted to start the car, and when the car did not start, Mr. Tabchouri pulled the key out of the ignition rather forcibly. Mr. and Mrs. Tabchouri testified that the reason Mr. Tabchouri was so forceful was because of his anger he felt over the condition of his car. This information leads the Court to believe that the NETS report was inconclusive with, regards to which key was used to operate the vehicle on the evening of April 4, 1997."
A thorough and complete review of the entire record shows that this testimony simply does not exist. The only reason given for classifying this report as "inconclusive" is the judge's mistaken belief that the plaintiff and his wife produced evidence, in the form of testimony, which would have given an alternative explanation for the condition of the key. There is no testimony in the record to support the judge's finding. There is a reference to Mr. Tabchouri going to the salvage yard and checking to see if the car would crank. There is no testimony that he pulled the key out forcibly. There is no testimony from either the plaintiff or his wife that he was so forceful because of his anger he felt over the condition of his car.
*1131 In as much as the trial court found the report reliable except for testimony she considered that did not, in actuality, exist, we find no reason to find the report anything less than reliable. The defense, therefore, presented the only explanation for the marks on the key which Mr. Tabchouri had in his possession. That evidence established that the key was the last to operate the ignition lock assembly. We find the plaintiff failed to establish there was a theft and that his claim is not covered under the Progressive policy.
Because we find merit in the defendant's first assignment of error and find the plaintiff failed to carry his burden of proof, it is unnecessary to discuss the remaining assignments of error.

CONCLUSION
We find the defendant made a material misrepresentation in its application for insurance to State Farm which precludes recovery from that defendant. We further find the plaintiff failed to prove a theft occurred and his claim is covered by the insurance policy issued by Progressive. Accordingly, we reverse the ruling of the trial court and assess all costs of this appeal to the plaintiff.
REVERSED.